**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 05-0821 PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Richard D. Cooper, | |
| Defendant. | |

Pending before the Court are Plaintiff's motion for entry of default judgment (Dkt. #25) and Defendant's motion to amend first answer (Dkt. #21) and motion to dismiss (Dkt. #22). For the reasons set forth below, the Court will grant Plaintiff's motion and deny Defendant's motions.

**A.    Background.**

A delegate of the Secretary of the Treasury made assessments against Defendant for unpaid federal income taxes, penalties, interest, and other statutory additions for tax periods 1987, 1988, 1989, 1990, 1991, and 1992. Dkt. #26 at 2. On March 17, 2005, the United States filed a complaint in this Court seeking to reduce the federal tax assessments to judgment. Dkt. #1. The complaint was served on Defendant on July 13, 2005. Dkt. #5. Defendant did not file an answer.

On August 10, 2005, eight days after an answer was due, Defendant filed a document titled "Amended Notice of My Acceptance of Your Presentment; Notice of Rejection of Offer to Contract; Notice that Case is Closed by Proofs on the Public Record; Notice of

Return of Erroneous Presentments as Unacceptable, Irrelevant, Immaterial, and Incomplete Instruments Without Dishonor; by Special Appearance." Dkt. #10. Among other things, the document stated that Defendant was "Richard-Donald: Cooper," that "RICHARD D. COOPER" was a fictional legal entity owned by Richard-Donald: Cooper, and that "RICHARD D. COOPER" was copyrighted and any future use of that name in any commercial document (Defendant declared this court proceeding to be "commercial") would result in assessment of a $10,000 per-use fee. The document declared the United States Attorney to be incompetent, "fired" this Court and thereby allegedly rendered it unable to enter judgment, and demanded that the Government immediately issue Defendant a $1,000,000 bond. *Id.* Defendant's untimely and fanciful filing cannot reasonably be construed as an answer or responsive pleading. *See Ioane v. Alter*, No. CIV. 96-20629, 1997 WL 767526, at *3 (N.D. Cal. Nov. 21, 1997) ("Although pleadings of *pro se* litigants are held to a less rigid standard than those drafted by attorneys, . . . even *pro se* pleadings must meet some minimum threshold of clarity." (internal citation omitted and citing *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995))).

The Clerk properly entered default on May 5, 2006. Dkt. #16. Defendant, in his unique nomenclature and style, subsequently submitted several other documents to the Court. Dkt. ##17, 20, 21, 22, 23. Two of filings were captioned, in-part, "Motion to Amend First Answer" and "Motion to Dismiss Case" Dkt. ## 21, 22.[1]

## B. Default Judgment.

Once the Clerk of Court has entered default, a plaintiff may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). Rule 55(b) provides for the entry of default

---

[1] Defendant filed two documents on September 29, 2006, both captioned "Acceptance of Plaintiff's Offer to Discharge $93,470.72 Claim by 9/30/2006 for Full Settlement and Closure of Claim Against RICHARD D. COOPER (Ens Legis) in Above Case & Related Accts. by Injured Third Party Intervenor." Dkt. ##29, 30. Defendant states: "I, Richard-Donald: Cooper, undersigned promise to undertake and pay to the order of Clerk . . . the sum of Ninety-three Thousand, Four Hundred, Seventy Dollars and 72/100 Cents, ($93,470.72), to be paid in full on the 23rd day of February, A.D. 2031 . . . ." Dkt. #30.

judgment by the Clerk or by the Court. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Lau Ah Yew v. Dulles,* 236 F.2d 415, 416 (9th Cir. 1956); *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d. 26, 30 (D.D.C. 2002). The Court may consider several factors in determining whether to enter a default judgment, including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (citing 6 *Moore's Federal Practice* ¶ 55-05[2], at 55-24 to 55-26).

When default has occurred, the well-pleaded "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388).

Unless "the amount claimed is liquidated or capable of ascertainment from definite figures," the Court generally should hold a hearing to determine the proper amount of damages. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see* Fed. R. Civ. P. 55(b)(2); 10 James Wm. Moore, *Moore's Federal Practice* ¶ 55.20[1][b], at 55-23 (3d ed. 1998). Finally, "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment" in the complaint. Fed. R. Civ. P. 54(c); Fed. R. Civ. P. 55(d) ("In all cases a judgment by default is subject to the limitations of Rule 54(c)."); *see* Fed. R. Civ. P. 8(a)(3).

Plaintiff has complied with the requirements to obtain default judgment, including

1  obtaining an entry of default from the Clerk, applying to the Court for default judgment, and
2  notifying Defendant of the motion for default judgment. *See* Fed. R. Civ. P. 55. Defendant
3  has not shown cause why a default judgment should not be entered. To the contrary,
4  Defendant filed documents asserting his purported acceptance of Plaintiff's offer. *See*
5  Dkt.##29, 30. Defendant failed to file timely responses to the Government's pleadings
6  despite actual notice, and Defendant's untimely filings lacked sensible legal arguments or
7  meritorious defenses. The factors identified above weigh all in favor of default judgment.
8  There is no dispute concerning the material facts, Plaintiff has been substantially prejudiced
9  by the delay of over ten years since the assessments originally were made, and the default
10 was caused by Defendant's own failure to respond with timely and meritorious defenses.
11 The Court concludes that default judgment is appropriate.

12 Because the amount claimed is capable of ascertainment from definite figures, a
13 hearing is not necessary to determine damages. *See Dundee Cement Co.*, 722 F.2d at 1323.
14 Plaintiff submitted Certificates of Assessments, Forms 4340, for Defendant for the tax
15 periods at issue, as well as an IRS officer's Declaration to prove Defendant's tax liability.
16 *See* Dkt. #27. "Official certificates . . . can constitute proof of the fact that . . . assessments
17 actually were made." *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) (citing
18 *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) ("[O]fficial certificates are highly
19 probative, and are sufficient, in the absence of contrary evidence, to establish that the notices
20 and assessments were properly made.")); *see also Perez v. United States*, 312 F.3d 191, 195
21 (5th Cir. 2002) ("There is . . . substantial precedent that IRS Forms 4340 and 4549 are
22 appropriate sources evidencing the IRS's assessment and notice of tax arrears."). Based upon
23 the Certificates of Assessments and the IRS officer's Declaration, the Court concludes that
24 default judgment in the amount of $92,510.15 and other statutory additions from September
25 30, 2006 is appropriate.

26 **C.    Defendant's Motions.**

27 Defendant's pending motions, to the extent they can be deciphered, appear to assert
28 claims unrelated to the present action. Defendant denies that the IRS "is making any

- 4 -

assessments claims . . . for tax periods prior to January 1, 1987." Dkt. ##21; 23. But the IRS assessments at issue in this case are for the tax years 1987, 1988, 1990, 1991, and 1992. *See* Dkt. #25 at 2. Defendant references his "right, title or interest" in several parcels of land, includes several warranty deeds and declarations of trust as exhibits, and denies that the parcels of land are subject to a foreclosure action. Dkt. ##21, 23. But Plaintiff is not seeking default judgment regarding any property foreclosures. The Court accordingly will deny Defendant's motion to amend and motion to dismiss.

**IT IS ORDERED:**

1. Defendant's motion to amend first answer (Dkt. #21) and motion to dismiss (Dkt. #22) are **denied**.

2. Plaintiff's motion for entry of default judgment (Dkt. #25) is **granted**.

3. Default judgment is entered against Defendant in the amount of $92,510.15 and other statutory additions from September 30, 2006.

4. The Clerk of the Court shall **terminate** this action.

DATED this 27th day of November, 2006.

_____
David G. Campbell
United States District Judge